**Dated: April 27, 2017**

**The following is ORDERED:**



**TOM R. CORNISH**
**UNITED STATES BANKRUPTCY JUDGE**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:<br>SUE DELL JAMES,<br>　　　　Debtor. | CASE NO. 09-80271-TRC<br>CHAPTER 13 |
| SUE DELL JAMES,<br>　　　　Plaintiff,<br>v.<br>DEUTSCHE BANK TRUST COMPANY AMERICAS; OCWEN LOAN SERVICING, LLC; and BAER & TIMBERLAKE, P.C.,<br>　　　　Defendants. | ADV. NO. 16-08023-TRC<br><br>Case No. 17-CV-155-RAW |

### REPORT AND RECOMMENDATION TO DISTRICT COURT
### REGARDING UNOPPOSED MOTION TO WITHDRAW THE REFERENCE

Plaintiff Sue Dell James and Defendant Baer & Timberlake, P.C. have filed a joint request for entry of an Order withdrawing the reference to the Bankruptcy Court in this adversary proceeding. They have also advised that co-defendants Deutsche Bank Trust Company Americas and Ocwen Loan Servicing, LLC do not oppose the requested relief.

Pursuant to District Court LCvR 84.1 (b)(4), this court finds that the claims raised in this case involve both core proceedings and non-core proceedings that may be otherwise related to a case under title 11, primarily arising under state law. The core matters include claims regarding violation of the automatic stay pursuant to 11 U.S.C. § 362, and violation of the discharge injunction pursuant to 11 U.S.C. § 524. The non-core matters include state law claims of wrongful foreclosure, slander of title, and failure to release a mortgage. Plaintiff also asserts federal claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Pursuant to 28 U.S.C. § 157(d), where a case involves consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce, the reference should be withdrawn upon a timely motion.

Defendant Baer & Timberlake, P.C. made a timely demand for jury trial in its Answer. It has never expressly consented to having the bankruptcy court conduct a jury trial pursuant to 28 U.S.C. § 157(e). This court held a telephonic scheduling conference on February 13, 2017, at which time it was advised that a jury trial had been demanded but that the parties desired to pursue settlement before proceeding any further with the case. This court agreed that settlement should be explored first, and that if a jury trial was necessary, the matter would need to be heard by the District Court pursuant to a motion to withdraw the reference. Subsequently, the parties advised that they were unable to settle the case and therefore made this joint request to withdraw the reference. District Court LCvR 84.1 (b)(2) provides that a motion to withdraw the reference should be filed at the same time as a responsive pleading is filed; however, this court believes that Defendant Baer & Timberlake, P.C. did timely demand a jury trial. The court also believes that pursuing settlement first, prior to seeking the District Court's involvement via a motion to withdraw the reference, was done in an effort to conserve judicial resources and promote judicial

economy. Although a scheduling order was entered in this case, it has been vacated due to the filing of the motion to withdraw the reference. According to the parties, no substantive discovery has been conducted.

This court is not aware of any complex bankruptcy issues that would be best resolved in the bankruptcy court before sending the remainder of the case to the district court. The court believes that judicial economy will be served if all matters involving this case are conducted in the court that ultimately presides over the jury trial. Therefore, pursuant to District Court LCvR 84.1 and Bankruptcy Court Local Rule 5011-1, this court respectfully recommends that the unopposed motion to withdraw the reference be granted.

The Clerk of the Bankruptcy Court shall transmit a copy of this written recommendation to the Clerk of the United States District Court for the Eastern District of Oklahoma, together with a copy of the record of this case, and shall file a certificate of such transmission in this proceeding.

###